On respondent's petition for reconsideration filed August 10, and appellant's response to petition for reconsideration filed August 15, reconsideration allowed; former opinion (243 Or App 584, 260 P3d 529) clarified and adhered to as clarified November 9, 2011, petition for review allowed April 5, 2012 (351 Or 678)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TIFFANY LEE SAVASTANO,
*Defendant-Appellant.*

Washington County Circuit Court
C081586CR; A141053

266 P3d 176

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, for petition.

Peter Gartlan, Chief Defender, and Ernest G. Lannett, Chief Deputy Defender, Office of Public Defense Services, for response.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

The state petitions for reconsideration of our opinion in *State v. Savastano*, 243 Or App 584, 260 P3d 529 (2011), urging us to clarify our disposition. We grant the state's petition, clarify the disposition (on the assumption, which we do not necessarily adopt, that clarification is necessary), and adhere to our former ruling.

In *Savastano*,

"[d]efendant was accused of embezzling hundreds of thousands of dollars from her employer in numerous individual theft transactions over a 16-month period in 2005 and 2006. The district attorney charged her with 10 counts of first-degree aggravated theft, ORS 164.057, and six counts of first-degree theft, ORS 164.055 (2007). Each count represented the thefts that occurred within a named month. The counts charging aggravated theft alleged that, in a particular month, defendant stole money 'with a total value of $10,000 and more,' while the counts charging theft alleged that, in a particular month, the amount was '$750 and more.' The prosecutor explained that he decided to aggregate the thefts as he did in this case in order to provide 'a clear organizational outline for the jury.' Defendant appeals from a judgment of conviction entered after conditional guilty pleas, arguing that the prosecution did not have a consistent, systematic policy regarding aggregation and, for that reason, the aggregation in this case violated Article I, section 20, of the Oregon Constitution. The state contends that the prosecutor's decision was within his discretion. We agree with defendant, and we therefore reverse and remand."

243 Or App at 586 (footnotes omitted). We explained that, pursuant to ORS 164.115(5),

" 'The value of single theft transactions may be added together if the thefts were committed:

" '* * * * *

" '(b)   Against the same victim, or two or more persons who are joint owners, within a 180-day period.' "

*Id.* at 586-87. We concluded that the decision of whether to aggregate, and how, should have been made in accord with a systematic policy and that defendant had demonstrated

that no such policy existed. *Id.* at 588-90. We therefore concluded,

> "[T]he court should have granted defendant's motion to dismiss. Defendant moved in the alternative to compel the prosecution to aggregate the various theft transactions into six-month counts. We do not require that outcome. We require only consistent, systematic criteria, and that those criteria be permissible.
>
> "Reversed and remanded."

*Id.* at 590 (footnote omitted). In its petition for reconsideration, the state argues that our opinion could be read to require the trial court, on remand, to dismiss the charges against defendant. That outcome, the state maintains, is not required; possibly, the state could persuade the trial court that a less drastic remedy was available. Our opinion, the state continues, should therefore be modified to accommodate that possibility.

In their briefs to this court, neither party argued for or against any particular remedy, and our disposition of the case—"Reversed and remanded"—was not intended to dictate one. That is an issue for the trial court to decide on remand. To forestall any further confusion, however, we now make explicit that the disposition of our earlier opinion is a reversal and remand for further proceedings consistent with this opinion.

Reconsideration allowed; former opinion clarified and adhered to as clarified.